UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALEXANDER GUZMAN et al.,

        Plaintiffs,

       -against-

ANDY FOOD & CAFÉ CORP. et al.,

        Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-252 (LDH) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiffs Alexander Guzman and Tonito Ortiz initiated this case against Defendants Andy Food & Café Corp. and Fady Grace on January 17, 2022. (*See* Compl., ECF No. 1.) Plaintiffs seek, *inter alia*, damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* ("NYLL"). (*Id.*)

Pursuant to 28 U.S.C. § 636(b) and for the following reasons, the Court respectfully recommends dismissal of Plaintiff Guzman's claims for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As noted above, Plaintiffs commenced this action on January 17, 2022. (*See* Compl., ECF No. 1.) On request of the parties, the Court referred the case to mediation on June 1, 2022, which later took place on August 2, 2022. (*See* May 31, 2022 Status Report, ECF No. 13; June 1, 2022 ECF Order; Aug. 26, 2022 Status Report, ECF No. 17.)

On August 3, 2022, Plaintiffs' counsel ("Counsel") filed a notice of voluntary dismissal as to Mr. Guzman's claims. (Notice of Voluntary Dismissal, ECF No. 15.) That same day, the E.D.N.Y. mediation program docketed an entry on ECF indicating that

the parties had settled at mediation. (*See* Aug. 3, 2022 Report of Mediation Settled.) The Court therefore directed the parties "to file a proposed settlement agreement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), or in the alternative, a joint Status Report" by August 26, 2022. (*See* Aug. 4, 2022 Order, ECF No. 16.) The parties subsequently filed two status reports, indicating that Mr. Ortiz and Defendants had participated in the mediation but that Mr. Guzman had not. (*See* Aug. 26, 2022 Status Report, ECF No. 17; Sept. 9, 2022 Status Report, ECF No. 18.) In the report filed on September 9, 2022, the parties requested "[two] more weeks to . . . finalize the parties' settlement agreement." (Sept. 9, 2022 Status Report, ECF No. 18, at 1.) The Court then directed the parties to file their proposed settlement agreement by September 26, 2022. (*See* Sept. 12, 2022 ECF Order.)

On September 26, 2022, the parties requested an extension to file their proposed settlement, but also attached a Proposed Order to dismiss Mr. Guzman's claims. (*See* Sept. 26, 2022 Motion for Extension of Time, ECF No. 19; Consent Order to Dismiss Plaintiff Alexander Guzman's Claims ("Proposed Order"), ECF No. 19-1.) The Proposed Order stated that Mr. Guzman "did not participate in the Mediation" and that Counsel had indicated at the mediation that he had been unable "to contact Plaintiff Guzman 'in some time.'" (Proposed Order, ECF No. 19-1, at 1.) The Proposed Order also stated that "even after the Parties' mediation was held, Plaintiffs' Counsel made several attempts to locate Plaintiff Guzman but was unable to locate the Plaintiff; and on August 3, 2022, Plaintiffs' Counsel filed a notice of voluntary dismissal of Plaintiff Guzman's claims without prejudice due to his prolonged departure from this case and his inability to contact Plaintiff Guzman." (*Id.* at 2.)

On September 27, 2022, the Court granted the parties' requested extension, this time directing the parties to submit their proposed settlement agreement by October 5,

2

2022. (*See* Sept. 27, 2022 ECF Order.) The Court reserved ruling, however, on the Proposed Order. (*See* Sept. 27, 2022 Scheduling Order.) Instead, the Court issued an order to schedule a telephonic status conference, to be held on October 6, 2022, that stated: "**Plaintiff Alexander Guzman is respectfully directed that he must be personally present for the conference**." (*Id.* (emphasis in original).) The Court further directed Counsel "to use all reasonably available means to notify Mr. Guzman of the conference and . . . file proof of service" by October 3, 2022. (*Id.*) By letter, submitted on October 3, 2022, Counsel stated, "We have attempted to contact Mr. Guzman via telephone and e-mail, and have delivered to him, via Federal Express overnight delivery, a copy of the Scheduling Order and related consent order previously submitted to the Court." (Oct. 3, 2022 Letter, ECF No. 20.)

Mr. Ortiz and Defendants filed their proposed settlement agreement on October 5, 2022, and the Court held the scheduled status conference on October 6, 2022. (*See* Oct. 5, 2022 Motion for Settlement Fairness Letter, ECF No. 21; Oct. 6, 2022 ECF Minute Entry and Order.) At the conference, Counsel again indicated that he had been unable to reach Mr. Guzman for some time and had attempted to do so using all contact information available to Counsel. (*See* Oct. 6, 2022 ECF Minute Entry and Order.) As stated on the record and in light of Counsel's inability to reach Mr. Guzman, the Court declined to grant the Proposed Order requesting voluntary dismissal as to Mr. Guzman. (*See id.*)

As also stated on the record, Counsel made an oral motion to withdraw as counsel for Mr. Guzman. (*See id.*) The Court took the motion under advisement pending provision of notice to Mr. Guzman and scheduled an another telephonic status conference for November 1, 2022, again directing Mr. Guzman "**that he must be personally present for the conference, and that his failure to appear could result in**

3

**his claims being dismissed for failure to prosecute.**" (*See id.* (emphasis in original).) The Court further directed Counsel to file a formal motion to withdraw and to file proof of service on Mr. Guzman of the motion, the Court's October 6, 2022 Minute Entry and Order, and the Court's October 6, 2022 Order, "together with a Spanish-language translation of each document," by October 20, 2022. (*See id.*; *see also* Oct. 6, 2022 Order, ECF No 22.) The Court also directed the Clerk of Court to mail copies of the October 6, 2022 Minute Entry and Order, and the October 6, 2022 Order, to Mr. Guzman at the address last provided to counsel. (*See* Oct. 6, 2022 ECF Minute Entry and Order.)

Counsel filed a formal motion to withdraw on October 20, 2022. (*See* Mot. to Withdraw, ECF No. 23.) In support of his motion, Counsel stated: "[T]here has been a consistent lack of communication between Mr. Guzman and the undersigned counsel during the past several months, despite multiple efforts to contact him by mail at his last known address, by telephone, e-mail and by telephonic message." (Decl. in Supp. of Mot. to Withdraw, ECF No. 24, ¶ 3.) Counsel also asserted that Mr. Guzman's failure to respond to Counsel's communications made it unreasonable to continue representing him. (*See id.*; *see also* Proposed Order Granting Mot. to Withdraw, ECF No. 25, at 2.)

By letter, filed on October 24, 2022, Counsel indicated that he had "again attempted to contact Mr. Guzman via telephone and e-mail" and had "delivered to [Mr. Guzman], via Federal Express overnight delivery, a copy of the Court's Minute Entry and Order dated October 6, 2022, along with copies of the . . . Motion to Withdraw as counsel for Mr. Guzman, including Spanish translations of all such documents." (Oct. 24, 2022 Letter, ECF No. 26.) Counsel attached delivery information from Federal Express, indicating that a package had been sent to Mr. Guzman at the address last provided to Counsel. (*See* Proof of Service, ECF No. 26-1.)

The Court held the scheduled status conference on November 1, 2022. Mr.

Guzman did not appear. As stated on the record, Counsel represented that Mr. Guzman still had not responded to any of his communications. As also stated on the record, the Court granted Counsel's motion to withdraw as counsel for Mr. Guzman.

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "harsh remedy" appropriate only in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

5

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No single factor is dispositive and, therefore, courts must review all of the factors in determining how to proceed. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *United States ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The Second Circuit has also observed that, when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Mr. Guzman's claims against Defendants. First, the Court concludes that Mr. Guzman's failure to participate in this case has caused a significant delay. The Court notes that Mr. Ortiz and Defendants reached a tentative settlement on August 2, 2022, following mediation. (*See* Status Report, ECF No. 17, at 1.) Mr. Guzman did not participate in mediation and, as set forth above, has been absent ever since, for reasons solely attributable to him. (*See id.*; *see generally* 22-CV-252 (LDH) (TAM).) In particular, Mr. Guzman did not appear at either the October 6, 2022 or November 1, 2022 status conferences, despite extensive efforts to provide him with notice. (*See* Oct. 6, 2022 ECF Minute Entry and Order; Nov. 1, 2022 ECF Minute Entry and Order.)

Second, the Court is satisfied that Mr. Guzman received proper notice about the possibility of dismissal, and that further attempts to warn him would be futile. *See Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013). On October 6, 2022, the

6

Court advised Mr. Guzman that he needed to personally appear for the November 1, 2022 status conference, "and that his failure to appear could result in his claims being dismissed for failure to prosecute." (Oct. 6, 2022 ECF Minute Entry and Order.) Further, both Counsel and the Clerk of Court sent copies of the Court's October 6, 2022 Order to Mr. Guzman at the address last provided. (*See id.*; Proof of Service, ECF No. 26-1.)

Third, Defendants are likely to be prejudiced by further delay of this proceeding. As stated above, Mr. Ortiz and Defendants have agreed to settle this matter and have requested approval of their proposed settlement agreement. (*See* Mot. for Settlement Fairness Letter, ECF No. 21.) Defendants therefore have an interest in moving on from this case, which could be indefinitely delayed if Mr. Guzman remains a party to this action while at the same time refusing to participate.

The Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. Plaintiff Guzman's failure to respond to Counsel's phone calls and emails demonstrates a lack of "interest in prosecuting this case." *Caussade*, 293 F.R.D. at 631. Accordingly, the Court finds that "dismissal would seek the proper balance between expediency and the rights of the plaintiff," and that dismissal is the only "efficacious option." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiff Alexander Guzman's claims be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal as to the action for a plaintiff's failure to prosecute).

\*   \*   \*   \*   \*

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also*

Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
November 1, 2022

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE